MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for Defendant
By: LAWRENCE H. FOGELMAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2719
Lawrence.Fogelman@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SONYA LAMAR-ARCHIE and
JOSEPH ARCHIE

               Plaintiffs,

   v.

UNITED STATES OF AMERICA,

               Defendant.

------------------------------------x

ANSWER

07 Civ. 9830 (WCC)

      Defendant, United States of America ("Defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the complaint upon information and belief as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

      2.    Paragraph 2 of the complaint contains plaintiffs' characterization of the action to which no response is required. To the extent that a response is required, denies the allegations contained in paragraph 2 of the complaint.

3. Paragraph 3 of the complaint contains plaintiffs' characterization of the action and conclusions of law to which no response is required. To the extent that a response is required, denies the allegations contained in paragraph 3 of the complaint.

4. Denies the allegations contained in paragraph 4 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except admits that Robinson Avenue intersects Ann Street in the City of Newburgh, New York.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except admits that Sonya Lamar-Archie was driving a motor vehicle that was involved in an accident on June 25, 2006.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Denies the allegations contained in paragraph 8 of the complaint, except admits that on June 25, 2006, Samnang Long was a United States Army Staff Sergeant.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, except admits that Samnang Long was the driver of a vehicle on June 25, 2006 involved in an accident.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, except admits that Samnang Long was the driver of a vehicle on June 25, 2006 involved in an accident.

11. Denies the allegations contained in paragraph 11 of the complaint, except admits that on June 25, 2006, an accident occurred where Robinson Avenue intersects with Ann Street in Newburgh, New York.

12. Denies the allegations contained in paragraph 12 of the complaint, except admits that at the time of the accident, Samnang Long was acting within the scope of his employment in the United States Army.

13. With respect to the allegations contained in paragraph 13 of the complaint, incorporates by reference its responses to paragraphs 1 through 12 of the complaint.

14. Denies the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint, except admits that Sonya Lamar-Archie submitted a claim on Standard Form 95 that was received on or around October 25, 2006, and respectfully refers the Court to the Standard Form 95 for a true and accurate statement of its contents.

16. Paragraph 16 of the complaint contains conclusions of law to which no response is required.

17. Neither admits nor denies the allegations contained in paragraph 17 of the complaint because they constitute plaintiffs' characterization of this action and pertain to offers of compromise that are inadmissable in this action pursuant to Federal Rule of Evidence 408.

18. Denies the allegations contained in paragraph 18 of the complaint.

19. With respect to the allegations contained in paragraph 19 of the complaint, incorporates by reference its responses to paragraphs 1 through 18 of the complaint.

20. Denies the allegations contained in paragraph 20 of the complaint.

21. Denies the allegations contained in paragraph 21 of the complaint, except admits that Joseph Archie submitted a claim on Standard Form 95 that was received on or around December 5, 2006, and respectfully refers the Court to the Standard Form 95 for a true and accurate statement of its contents.

22. The allegations and prayers for relief set forth in the unnumbered paragraph beginning "Wherefore" are prayers for relief to which no response is required.

## DEFENSES

### FIRST DEFENSE

Neither the Defendant nor any of its agents or employees were negligent in any manner nor violated any duty of care in regard to this matter.

### SECOND DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of the Defendant, or any agent or employee of the Defendant.

### THIRD DEFENSE

The injuries and damages alleged in the complaint were caused in whole or in part by others over whom the Defendant exercised no control.

### FOURTH DEFENSE

In the event that the Defendant is found to be negligent, which negligence it denies, plaintiffs' own negligence contributed to causing the alleged damages and any recovery must be proportionately reduced.

## FIFTH DEFENSE

Plaintiffs' recovery, if any, may not exceed the amount presented in the administrative claim. See 28 U.S.C. § 2675(b).

## SIXTH DEFENSE

Plaintiffs had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint. The injuries alleged in the complaint were caused by and arose out of such risks.

## SEVENTH DEFENSE

Plaintiffs' recovery, if any, must be reduced pursuant to the collateral source statute, CPLR § 4545(c).

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the New York Comprehensive State Motor Vehicle Insurance Reparations Act. See N.Y. Ins. Law §§ 5101-5108. Plaintiffs may not recover for economic loss because they have not sustained economic loss greater than "basic economic loss." N.Y. Ins. Law §§ 5102(a), 5104(a). Plaintiffs may not recover for non-economic loss because they have not sustained "serious injury." N.Y. Ins. Law §§ 5102(d), 5104(a).

## NINTH DEFENSE

The amount of damages, if any, must be diminished pursuant to New York Vehicle and Traffic Law § 1229-c and any other applicable law, to the extent that plaintiffs' failure to use any available safety belt or similar safety device caused the injuries or damages they allegedly sustained.

## TENTH DEFENSE

Plaintiffs' recovery, if any, is limited by N.Y. CPLR § 1601(1).

WHEREFORE, the Defendant demands judgment dismissing the complaint against the Defendant and granting such further relief as the Court deems just, including costs and disbursements.

Dated: New York, New York
February 14, 2008

                              MICHAEL J. GARCIA
                              United States Attorney for
                              the Southern District of New York
                              Attorney for Defendant

By: _____
                              LAWRENCE H. FOGELMAN
                              Assistant United States Attorney
                              86 Chambers Street – 3rd Floor
                              New York, New York 10007
                              Tel:   (212) 637-2719
                              Fax:  (212) 627-2730

To:    Paul J. Goldstein, Esq.
         Goldstein & Metzger, LLP
         40 Garden Street
         Poughkeepsie, N.Y. 12601